By the Court, Monell, J.
The defendant, upon his examination as a witness, testified that Miss Osborne was owing him “ some ” for washing, but not for board. Indeed the evidence is uncontradicted that, at the time Miss Osborne left the defendant’s house she paid all that was due for board and use of rooms. There was not, therefore, a present indebtedness; which was essential to give a boarding house keeper’s lien upon the property of his guest. Even if the arrangement made with Wood, that Miss Osborne should board with the defendant for a year, and that he, Wood, would pay the rent, could have been enforced after Miss Osborne left, it would not have created a lien upon the property. The act which provides for the protection of boarding house keepers, (Laws of 1860, p. 771,) gives the lien upon the effects of the boarders for the amount which may be due for board, and it cannot be extended to any other indebtedness, nor to any demand not due at the time of the detention. (Cross on Liens, 43.)
I do not deem it necessary to look into that part of the case which relates to the second defense, namely, that the defendant claimed to hold the furniture under the agreement made with Wood. The evidence on that branch of *269 the case -was such as, in my judgment, should have gone to the jury; especially as the uncontradicted testimony of the defendant established that the agreement was communicated and assented to by Miss Osborne before she became a boarder in the defendant’s house. But as no request was made, at the trial, to submit that or any other question of fact to the jury, it is too late to raise the objection now. (Winchell v. Hicks, 18 N. Y. Rep. 558; Clark v. The Mayor, &c. 24 How. Pr. 333.)
The proof of a demand before suit was, it seems to me, clearly insufficient. But as the objection was not taken at the trial, it cannot be raised now. It was one of those objections which might have been obviated by-proof; and the attention of the plaintiff should have been called to the defect in his evidence, that he might, with the permission of the court, have supplied it. ( Wheeler v. Ryerss, 4 Sill, 466. New York and Erie Railroad Co. v. Cook, 2 Sandf. 732.)
I think the exception should be overruled, and judgment ordered for the plaintiff on the verdict.